UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CARL ECHOLS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:20-cv-00072-JPH-MJD |
| RICHARD BROWN, | ) ) ) |
| Respondent. | ) ) |

**Order Granting Motion to Proceed *in forma pauperis*
and Dismissing Petition for a Writ of Habeas Corpus**

**I.**

The petitioner's motion to proceed *in forma pauperis*, dkt. [3], is **granted**.

**II.**

The petitioner filed the instant habeas petition challenging a prison disciplinary proceeding in which he was found guilty. For the reasons stated below, the petition is **denied** and the action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Court.* Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d

1

1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

Here, the petitioner's sanction did not include the loss of earned credit time or a demotion in credit class. Therefore, the petitioner is not "in custody" under § 2254, and his petition for a writ of habeas corpus must be **dismissed** pursuant to Rule 4.

The petitioner shall have **through March 14, 2020**, to show cause why the petition should not be dismissed. If the petitioner fails to show cause by this date, then the Court shall direct the clerk to issue final judgment.

**SO ORDERED.**

Date: 2/20/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CARL ECHOLS
866351
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only